UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| GENELL ROBERTS, SANDRA DALE, and WILLIAM LESLIE, | ) ) ) |
| Plaintiffs, | ) Civil Action No. 6: 04-262-DCR ) ) |
| V. | ) ) |
| GEORGE WARD, individually and in his capacity as Commissioner of Parks, Commerce Cabinet of the Commonwealth of Kentucky, COMMONWEALTH OF KENTUCKY, and OTHER UNKNOWN OFFICIALS OF KENTUCKY, | ) ) ) **MEMORANDUM OPINION** ) **AND ORDER** ) ) ) ) |
| Defendants. | ) |

\*\*    \*\*    \*\*    \*\*    \*\*

This matter is pending for consideration of Defendants' Motion for Attorney's Fees and Costs. [Record No. 35] The Defendants seek attorneys' fees as the prevailing party in a §1983 action, pursuant to 42 U.S.C. §1988(b). However, because the Court concludes that the Defendants have not demonstrated that Plaintiffs original suit rose to the level of frivolousness required for an award of attorneys' fees under the relevant statutory section, their motion will be denied.

**I.    BACKGROUND**

The Plaintiffs were seasonal workers employed to perform maintenance services at the General Burnside State Park during the summer months. On May 18, 2004, Director of Parks George Ward sent an e-mail to all managers of Kentucky state parks which instituted a number

-1-

of new policies at the park, including the imposition of a dress code and a prohibition regarding employees use of the public facilities of the park. In a followup e-mail, Ward reiterated that "if interim workers refuse to tuck in their shirts, you may not allow them to work. Give them the choice to tuck in their shirt or go home." (Compl., Ex. B.)

The Plaintiffs allege that they were discharged on May 19, 2004, for failing to tuck in their shirts. (Pls.' Resp. at 4.) Plaintiff Leslie also claims he was discharged because he has a "USN" tattoo on his arm, which commemorates his service in the United States Navy. *Id*. Several days after their termination, the Plaintiffs' supervisor (John Troxell) resigned in protest. The Plaintiffs brought suit, challenging the appearance policy and the "overnight stay" policy.

On September 22, 2004, the Court granted the Defendants' motion for partial dismissal, dismissing all monetary claims against the Defendants and dismissing Ward as a defendant in this case. On August 3, 2005, the Court granted summary judgment in favor of the Defendants on all remaining claims.

**II.     LEGAL ANALYSIS**

A prevailing defendant should only recover attorneys' fees upon a showing that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) *(quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). The Supreme Court has instructed district courts to "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994) (*quoting*

*Christiansburg*, 434 U.S. at 421-22). An award of attorney fees against a plaintiff in a civil rights action "is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (*quoting Jones v. The Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)).

The Sixth Circuit has been extremely reluctant to uphold an award attorneys' fees for defendants except where the claims in the original lawsuit were so frivolous as to be laughable. Mere inadequacy of the claims was not enough. In *Tahfs v. Proctor*, 316 F.3d 584 (2003), the court reversed an award of attorneys' fees because it determined the complaint was "inadequate, but not frivolous". In *Tahfs*, plaintiff Tahfs was the girlfriend/mistress of William Proctor, a Detroit-based television reporter. Proctor and his wife obtained personal protection orders ("PPOs") against Tahfs which she claimed violated her First Amendment rights. A magistrate judge reviewing Tahfs complaint found that the complaint's vague, unsupported allegations of corrupt joint action between the Proctors and court personnel failed adequately to allege that the Proctors were state actors. The magistrate judge concluded that § 1988 fees and Rule 11 sanctions were "clearly warranted." *Id.* at 589. The district judge agreed, and ordered sanctions. *Id.* The Sixth Circuit reversed, holding that even under its deferential standard, the claims were not frivolous under §1988. *Id.*

Here, although the Plaintiffs have come very close to the line, the Court will conclude that their claims, taken as a whole, were not frivolous for purposes of an award of attorneys' fees, even though those claims were rejected by this Court. As the Sixth Circuit noted in *Tahfs*, dismissal under Rule 12(b) is not, by itself, evidence of insufficiency of claims. *Id.* In summary,

although many jurists may conclude otherwise, this Court has determined that the Defendants have not shown that plaintiffs' original claim was *so egregious* as to warrant an award of attorneys' fees. Having reached this conclusion, it is not necessary to determine whether the Defendants' documentation regarding fees is sufficient.

For the reasons discussed herein, it is **ORDERED** that the Defendant's Motion for Attorney's Fees is **DENIED**. [Record No. 35]

This 6th day of October, 2005.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge